ELECTRONICALLY FILED
2021 Apr 12 PM 2:15
Anthony P. Vivo, CLERK OF COURT - MAHONING

IN THE COURT OF COMMON PLEAS
MAHONING COUNTY, OHIO

| | | |
|---|---|---|
| GERICE SHADE<br>1710 Landsdowne Boulevard<br>Youngstown, Ohio 44505<br><br>                     Plaintiff,<br><br>               v.<br><br>CRACKER BARREL OLD COUNTRY<br>STORE, INC.<br>c/o Statutory Agent CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219<br><br>                     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE<br><br><br><br>**COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED<br>HEREIN** |

Plaintiff Gerice Shade, by and through undersigned counsel, as her Complaint against Defendant Cracker Barrel Old Country Store, Inc., states and avers the following:

### PARTIES AND VENUE

1. Shade is a resident of the City of Youngstown, County of Mahoning, State of Ohio.

2. At all times herein, Shade was acting in the course and scope of her employment.

3. Cracker Barrel Old Country Store, Inc. ("Cracker Barrel") is a foreign for-profit corporation incorporated in the State of Tennesee.

4. Cracker Barrel is licensed and registered to do business in the State of Ohio.

5. Cracker Barrel operates multiple locations in Mahoning County.

6. Cracker Barrel owns and operates a business located at 5600 Interstate Boulevard, Austintown, Ohio 44515.

7. All of the material events alleged in this Complaint occurred in Mahoning County, Ohio.

The Employee's Attorney.™      2021 CV 00612      EXHIBIT A



8. Personal jurisdiction is proper over Defendant pursuant to R.C. § 2307.382(A)(1), (2), (3) and (4).

9. Venue is proper pursuant to Civ. R. 3(C)(3) and (6).

10. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

### FACTS

11. Shade is a former employee of Cracker Barrel.

12. In September 2019, Shade began working for Cracker Barrel.

13. Shade worked for Cracker Barrel as a backup cook.

14. At all times herein, Shade was qualified for the position of backup cook.

15. At all times herein, Shade was able to perform her assigned job duties with or without reasonable accommodation.

16. In December 2019, Shade began experiencing increased pain due to tendonitis.

17. In or about December 2019, Shade informed Cracker Barrel about Shade's Condition.

18. Shade 's Conditions constitute a physical and/or mental impairment.

19. Shade 's Conditions significantly limit her in one or more major life activities.

20. Shade has a record of physical and/or mental impairment.

21. Cracker Barrel was advised of Shade's Condition.

22. In the alternative, Cracker Barrel perceived Shade as disabled.

23. Shade is disabled within the meaning of R.C. § 4112.01 *et seq.*

24. Shade's tendonitis required her to seek emergency medical treatment and be off for work for one week.



25. Upon her return to work, Shade submitted a request for minor accommodations to Cracker Barrel (the "Request for Accommodation.")

26. Shade asked her manager Stella (last name unknown) for minor accommodations.

27. Shade asked her manager Stella (last name unknown) for minor accommodations so that Shade could safely perform her job duties.

28. Shade asked for heavy cans to be moved to lower shelves.

29. Shade asked for other minor accommodations.

30. The Request for Accommodation was reasonable.

31. Cracker Barrel could have granted the Request for Accommodation without undue burden on the company.

32. Cracker Barrel did not engage in the interactive process to determine whether a reasonable accommodation was available.

33. Cracker Barrel denied the Request for Accommodation.

34. Cracker Barrel's denial of the Request for Accommodation was an adverse employment action.

35. Shade opposed the denial of the Request for Accommodation.

36. After Shade made her Request for Accommodation, Stella began to criticize Shade's job performance.

37. After Shade made her Request for Accommodation, Stella began to tell Shade that Shade needed to move faster.

38. After Shade made her Request for Accommodation, Stella began to cut Shade's hours.

39. After Shade made her Request for Accommodation, Stella removed Shade from Cracker Barrel's schedule.

40. Stella removed Shade from Cracker Barrel's schedule on or about February 28, 2020.



41. On or about February 28, 2020, Defendant effectively terminated Shade's employment ("Termination").

42. Defendant terminated Shade in order to avoid giving Shade a reasonable accommodation.

43. The Termination was an adverse action.

44. The Termination was an adverse employment action.

45. On or about February 28, 2020, Defendant terminated Shade's employment because of her disability.

46. On or about February 28, 2020, Defendant terminated Shade's employment because of her perceived disability.

47. On or about February 28, 2020, Defendant terminated Shade's employment because of her request for accommodations.

48. Defendants did not notify Shade of her termination.

49. In early March 2020, Shade went to Cracker Barrel to ask to be placed back on Cracker Barrel's schedule.

50. Shade was told that she would have to speak to a manager.

51. Shade met with Stella.

52. Stella told Shade that Shade should move to a different position.

53. Stella told Shade that Shade was slow.

54. Shade told Stella that Shade's tendonitis affected Shade's speed.

55. Shade's speed did not affect her performance.

56. Shade was not placed back on the schedule.

57. In March 2020, Shade received a fifty-dollar deposit from Cracker Barrel.



58. Upon information and belief, Cracker Barrel issued the payments due to shutdowns related to COVID-19.

59. Shade learned that she had been terminated on or about April 1, 2020, when she attempted to access her W2 from Cracker Barrel's internal website but learned that her access had been eliminated.

60. There is a causal connection between Shade's disability and her termination.

61. There is a causal connection between Shade's request for accommodation and her termination.

62. As a direct and proximate result of Defendant' conduct, Shade suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.***

63. Shade restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

64. Shade informed Cracker Barrel of her disabling condition.

65. Shade requested accommodations from Cracker Barrel to assist with her disabilities.

66. Shade 's requested accommodations were reasonable.

67. There was an accommodation available that would have been effective and would have not posed an undue hardship to Cracker Barrel.

68. Cracker Barrel failed to engage in the interactive process of determining whether Shade needed an accommodation.

69. Cracker Barrel failed to provide an accommodation.

70. Cracker Barrel treated Shade differently than other similarly-situated employees based on her disabling condition.

71. Cracker Barrel treated Shade differently than other similarly-situated employees based on her perceived disabling condition.



72. Cracker Barrel treated Shade differently than other similarly-situated employees based on her request for accommodation.

73. On or about February 28, 2020, Defendant terminated Shade's employment without just cause.

74. Defendant terminated Shade's employment based on her disability.

75. Defendant terminated Shade's employment based on her perceived disability.

76. Defendant terminated Shade's employment based on her request for accommodations.

77. Defendant violated R.C. § 4112.02 when they discharged Shade based on her disability.

78. Defendant violated R.C. § 4112.02 when they discharged Shade based on her perceived disability.

79. Defendant violated R.C. § 4112.02 when they discharged Shade based on her request for accommodations.

80. Defendant violated R.C. § 4112.02 by discriminating against Shade based on her disabling condition.

81. Defendant violated R.C. § 4112.02 by discriminating against Shade based on her perceived disabling condition.

82. Defendant violated R.C. § 4112.02 by discriminating against Shade based on her request for accommodations.

83. As a direct and proximate result of Defendant' conduct, Shade suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.



## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Shade respectfully requests that this Honorable Court grant the following relief:

(a) Issue an order requiring Defendant retroactively to restore Shade to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Shade for physical injury, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Shade's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,
/s/Angela Rodriguez
Angela Rodriguez (0074432)
Brian D. Spitz (0068816)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email: angela.rodriguez@spitzlawfirm.com
brian.spitz@spitzlawfirm.com
 Attorneys for Plaintiff Gerice Shade

