## CRACKER BARREL ALTERNATIVE DISPUTE RESOLUTION AGREEMENT

In exchange for my employment or continued employment as well as the mutual promises contained in this Dispute Resolution Agreement, Cracker Barrel Old Country Store, Inc. ("Cracker Barrel") and I agree to use informal conciliation and confidential binding arbitration, instead of going to court, for dispute resolution of any civil or equitable claims of any nature, including claims now in existence or that may exist in the future: (a) that I may have against Cracker Barrel, its affiliates, and/or their current or former employees; or (b) that Cracker Barrel and/or its affiliates may have against me.  This Dispute Resolution Agreement is governed by the Federal Arbitration Act, 9 U.S.C.§ 1 *et seq.*

**1.      Covered Disputes.** Without limitation, Cracker Barrel and I agree that any legal dispute arising out of or related to my employment (including those related to my application for employment, my employment or the termination of my employment) must be resolved using informal conciliation and final and binding arbitration and not by a court or jury trial.  Such legal claims may include, but are not limited to, disputes concerning wage and hour law, compensation, leave, harassment, discrimination, retaliation, breaks or rest periods, uniform maintenance, expense reimbursement, training, discipline, termination, defamation, transfer, demotion, promotion and termination.  It also includes, but is not limited to, any claims that come about through Title VII of the Civil Rights Act of 1964, Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Worker Adjustment and Retraining Notification Act, Equal Pay Act, Americans with Disabilities Act, as amended, Family and Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, Genetic Information Non-Discrimination Act, and any federal, state or local laws or regulations covering the same or similar matters or any aspect of the employment relationship, as well as any tort, negligence, or contractual claim. It also includes claims Cracker Barrel may have against me, such as for conversion or breach of fiduciary duty and other business torts like intentional interference or inducement to breach a contract.

Issues relating to this Dispute Resolution Agreement's validity, enforceability, or interpretation of its prohibitions on class, collective, and representative proceedings, shall be exclusively for a court of competent jurisdiction to decide.  Otherwise, Cracker Barrel and I agree that all other issues are for the Arbitrator to decide.

**2.      Disputes Not Covered.** This Dispute Resolution Agreement does not cover any claims for 'workers' compensation, state disability insurance, or unemployment insurance benefits.  I can still bring claims to an administrative agency if the law says so.  These would be claims like those before the Equal Employment Opportunity Commission (or state or local equivalent), the Department of Labor, the Securities Exchange Commission or the National Labor Relations Board. This Dispute Resolution Agreement does not prevent me from bringing those claims before an administrative agency, but it likewise does not excuse me from failing to bring such a claim if I am required to do so to exhaust my administrative remedies. Notwithstanding the foregoing, I agree that I will not seek any monetary compensation as a result of any proceeding arising from the filing of a charge (and/or participating in an investigation resulting from the filing of a charge) with the EEOC and/or state or local human rights agency, because I understand that if I believe I am owed any monetary compensation related to any charge I might file with the EEOC and/or state or local human rights agency, this Dispute Resolution Agreement provides the exclusive avenue through which I will seek it.

**3.      Open Door Policy; Conciliation Before Arbitration.**  Before either party submits a demand for arbitration to the other party pursuant to the procedure identified in this Dispute Resolution Agreement, and as a condition precedent to any demand for arbitration, that party must attempt to conciliate its claims.

(a)      <u>Open Door Policy or Employee Relations Department Complaint.</u>  I agree to utilize Cracker Barrel's Open Door Policy or contact the Employee Relations Department (depending on the nature of the

1

EXHIBIT
1

complaint) as the first step in attempting to resolve any claims or potential claims. If my complaint relates to harassment, discrimination or retaliation based on race, age, color, ethnic background, national origin, religion, gender, sexual orientation, disability, genetic information, or any other category protected by law, I will report my complaint to the Employee Relations Department to allow the company an opportunity to investigate and respond to my concerns. If my complaint relates to any other type of dispute, I will follow the Company's Open Door Policy by raising the complaint with my direct supervisor, or if I feel more comfortable, the District Manager or a member of Human Resources (or, if I am a Home Office Employee, with my department manager). A copy of the Open Door Policy can be found in your Employee Handbook, a current version of which is on the Front Porch at https://employees.crackerbarrel.com. I understand that, although the Open Door Policy is available for any concern that I have regarding my employment, this Dispute Resolution Agreement relates only to covered claims involving legally protected rights.

(b)  <u>Conciliation.</u>  If (i) the Employee Relations Department has not completed its investigation within 30 calendar days or (ii) my dispute remains unresolved despite the Employee Relations Department's response or (iii) my dispute pertains to anything other than harassment, discrimination or retaliation (as mentioned above), was not resolved through the Open Door Policy, and involves a legal claim, I agree to participate in a telephonic conciliation meeting with Cracker Barrel. I understand I must do so in an effort to resolve the dispute before submitting my dispute to arbitration and as a condition precedent to making a demand for arbitration. For Cracker Barrel, it agrees to contact me at my last known address or telephone number to attempt to conciliate any claim or potential claim it has against me. Regardless of who initiates the conciliation, I understand that I have the option that the telephonic conciliation can either be with me (or my legal representative) and a Cracker Barrel manager *or* with me (or my legal representative) and a Cracker Barrel manager using Cracker Barrel's Dispute Resolution Manager *or* both. Any telephonic conciliation meeting with Cracker Barrel's Dispute Resolution Manager shall take place within 30 calendar days of receipt of the request by either party. The parties may skip this conciliation step only by written, mutual consent. If the conciliation reaches impasse, the Dispute Resolution Manager will issue a Notice of Conciliation Impasse. If the Dispute Resolution Manager was not used, either party can declare an impasse after engaging in good faith discussions towards a resolution. If the dispute is not resolved through conciliation, the dispute may then proceed to arbitration pursuant to the procedure identified in this Dispute Resolution Agreement. All requests I make for conciliation shall be submitted to Cracker Barrel via an online request form obtained at https://employees.crackerbarrel.com or by telephone at 615-235-4430. I can learn more about the details of the conciliation process in the company's Alternative Dispute Resolution (ADR) Policy located on the Front Porch at https://employees.crackerbarrel.com.

**4.    Arbitration Is Exclusive Forum.**  If resolution is not reached through conciliation, the parties agree that arbitration is the required and exclusive forum for the resolution of all disputes (other than disputes which by statute are not arbitrable) arising out of or in any way related to employment that may arise between an employee or former employee and Cracker Barrel, its predecessors, successors and assigns, its current and former parent companies, subsidiaries, and affiliates and its and their current and former officers, directors, employees, and agents.

**5.    Applicable Rules.**  Unless as otherwise provided in this Dispute Resolution Agreement, in any arbitration, the then prevailing employment dispute resolution rules of the American Arbitration Association (AAA) will apply. Those differences include, but are not limited to, (a) the Arbitrator's fees and expenses, the costs of the hearing facilities, plus any costs owed to the AAA or the Arbitrator shall be paid by Cracker Barrel; (b) if I am the one filing the claim, Cracker Barrel will pay that portion of the arbitration filing fee in excess of the similar court filing fee had I been able to file the claims in court but in no event will I be required to pay more than $200.00; (c) as discussed below, the arbitration shall occur only as an individual action and not as a class,

collective, representative, or consolidated action; and (d) either party may apply to the arbitrator for injunctive relief until the arbitration award is rendered or the controversy is otherwise resolved and either party may also, without waiving any remedy under this Dispute Resolution Agreement, seek from any court having jurisdiction any interim or provisional relief that is necessary to protect the rights or property of that party, pending the establishment of the arbitrator (or pending the arbitrator's determination of the merits of the controversy), including to enforce any applicable contractual restrictive covenants. The AAA rules are available for review if you click on this website link: https://www.adr.org/aaa/ShowProperty?nodeId=/UCM/ADRSTG_004362 or can be sent to you by the Dispute Resolution Department if you call this number: (615) 235-4430.

**6.     Location and Timing of Arbitration Hearing.** The arbitration shall take place in the city or county where I last worked or where I applied to work, unless the parties agree to have the Arbitration elsewhere. The arbitration hearing will start no later than six (6) months following the date of the selection of the arbitrator. However, the selected arbitrator may order the arbitration hearing rescheduled if mutually agreed to by Cracker Barrel and me (in writing) or if good cause is shown. Postponement and cancellation fees shall be payable, at the discretion of the arbitrator, by the party causing the postponement or cancellation. In the event the hearing cannot reasonably be completed in one day, the arbitrator will schedule the hearing to be continued on a mutually convenient date.

**7.     Starting the Arbitration Process.** Within thirty (30) days following receipt of Notice of Conciliation Impasse, declaration by either party of impasse, or written notice of the parties' joint decision to not proceed with conciliation (or within the time otherwise required by the applicable statute of limitations, whichever is later), Cracker Barrel or I (whomever is initiating the arbitration proceeding) will send a written demand for arbitration to the AAA, with a copy to the other party. The written demand for arbitration to the AAA must be sent via email to casefiling@adr.org, via fax to (877) 304-8457, or via hardcopy to 1101 Laurel Oak Road, Suite 100, Voorhees, New Jersey 08043. For the copy I send to Cracker Barrel, I will send it to Cracker Barrel's Dispute Resolution Manager at P.O. Box 787, Lebanon, Tennessee 37088 by certified or registered mail, return receipt requested. For the copy Cracker Barrel sends to me, it will send it to my last known address by certified or registered mail, return receipt requested. The Arbitrator will resolve any disputes we have regarding the timeliness or propriety of the demand. The written demand for arbitration shall set forth a statement of the nature of the dispute, including the alleged act or omission at issue; the names of all persons involved in the dispute; the amount in controversy, if any; and the remedy sought.

**8.     Legal Representation.** Both Cracker Barrel and I have the right to be represented by legal counsel of our choice and at our own expense. However, if I notify Cracker Barrel that I will not be represented by counsel at hearing at least thirty (30) days before the hearing date, Cracker Barrel also will not be represented by legal counsel at the hearing, unless otherwise prohibited by law.

**9.     Discovery.** In arbitration, each party shall be permitted to take the following discovery at the requesting party's expense:

(1)     Three (3) depositions;

(2)     Fifteen (15) interrogatories (written questions); and

(3)     Fifteen (15) requests for document production.

Consistent with the expedited nature of arbitration and upon good cause shown, the arbitrator shall have the authority to limit the above discovery or order additional discovery.

3

**10.**     **Witnesses & Exhibits.**  At least fifteen (15) days before the start of the arbitration hearing, Cracker Barrel and I must provide each other and the arbitrator with a list of witnesses, including any expert witnesses, a brief summary of the testimony of each witness, and a list of all exhibits intended to be used at the hearing. Unless so ordered by the arbitrator, witnesses or exhibits which do not appear on these lists will not be allowed to testify or be introduced during the hearing.

**11.**     **The Arbitrator's Decision.**  Within 30 days after the hearing, each party will have the right to prepare a brief, a copy of which must be shared with the other party and filed with the Arbitrator.  The Arbitrator shall issue a written decision within 30 days of receipt of the parties' briefs which shall include a statement of the arbitrator's findings of fact and conclusions of law.  The Arbitrator may award any relief to either party to which Cracker Barrel or I may be entitled by law.  The award of the Arbitrator may be enforced under the terms of the Federal Arbitration Act (Title 9 U.S.C.) and/or under the law of any state to the maximum extent possible. If a court determines that the award isn't completely enforceable, it shall be enforced and binding on both parties to the maximum extent permitted by law.

**12.**     **Judicial Action.**  Either party may bring an action in any court of competent jurisdiction to compel arbitration under this Dispute Resolution Agreement and to enforce an arbitration award.  The prevailing party in such an action shall be awarded its attorneys' fees and costs.

**13.**     **Class/Collective Action Waiver.** Cracker Barrel and I agree that any and all claims subject to arbitration under this Dispute Resolution Agreement may be instituted and arbitrated only in an individual capacity, and not on behalf of or as a part of any purported class, collective, representative, or consolidated action (collectively referred to in this Dispute Resolution Agreement as a "Class Action").  Furthermore, Cracker Barrel and I agree that neither party can initiate a Class Action in court or in arbitration in order to pursue any claims that are subject to arbitration under this Dispute Resolution Agreement.  Moreover, neither party can join a Class Action or participate as a member of a Class Action instituted by someone else in court or in arbitration in order to pursue any claims that are subject to arbitration under this Dispute Resolution Agreement.  It is the parties' intent to the fullest extent permitted by law to waive any and all rights to the application of Class Action procedures or remedies with respect to all claims subject to this Dispute Resolution Agreement, and it is expressly agreed between Cracker Barrel and me that any arbitrator adjudicating claims under this Dispute Resolution Agreement shall have no power or authority to adjudicate Class Action claims and proceedings.  The waiver of Class Action claims and proceedings is an essential and material term of this Dispute Resolution Agreement, and Cracker Barrel and I agree that if it is determined by a court of competent jurisdiction that it is prohibited or invalid under applicable law, then this entire Dispute Resolution Agreement is unenforceable.  Otherwise, if any other provision of this Dispute Resolution Agreement is held to be unenforceable by a court of competent jurisdiction, such provision shall be deemed voided; however, all remaining provisions of this Dispute Resolution Agreement shall remain in full force and effect.

I acknowledge and agree that my entering into this Dispute Resolution Agreement is a condition of my employment or continued employment with Cracker Barrel.  This Dispute Resolution Agreement is not and shall not be construed to create any contract of employment for a specified duration, express or implied.  This Dispute Resolution Agreement does not in any way alter the "at-will" status of employment with Cracker Barrel, meaning that either I or Cracker Barrel may terminate the employment relationship at any time, with or without advance

4

notice, and with or without cause, however, this Dispute Resolution Agreement will remain in full force and effect after my employment relationship with Cracker Barrel ends.

**I understand that, by entering into this Dispute Resolution Agreement, I am waiving my right to a jury trial and waiving any right I may have to bring any claim covered by this agreement as a Class Action (as defined herein), either in court or in arbitration, or to participate in such an action.**

AGREED:

Cracker Barrel Old Country Store, Inc. (on behalf of itself and its applicable subsidiaries/affiliates)

By: ⟨signature⟩

Name: Michael Mott

Title: VP Human Resources

Please close this document and mark "complete" to signify you have read, understood and will comply with the agreement.

5