PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GERICE SHADE, | ) |
| Plaintiff, | ) CASE NO. 4:21CV1049 |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| CRACKER BARREL OLD COUNTRY STORE, INC., | ) **MEMORANDUM OF OPINION AND ORDER** |
| | ) [Resolving ECF No. 4] |
| Defendant. | ) |

Pending before the Court are Defendant's motion to Compel Arbitration and Stay this Action pending Completion of Arbitration Proceedings. ECF No. 4. The parties have fully briefed the motion. ECF Nos. 5, 6. The Court, having been duly advised by the parties' filings and the applicable law, partially grants Defendant's motion.

## I. Introduction

This matter arises out of Plaintiff's employment with Defendant. In September 2019, Plaintiff began working for Defendant as a backup cook. As part of the onboarding process, Plaintiff was required to complete a series of training modules which provided information about Defendant's policies and procedures. The training modules covered multiple topics, including, but not limited to, social media policy, food safety, and kitchen equipment and tools. In addition, Plaintiff was presented with Defendant's Alternative Dispute Resolution Agreement (the "ADR Agreement") (ECF No. 4-2). After being presented with the ADR Agreement, Plaintiff was instructed to close the document and mark "Complete" to signify that the ADR Agreement has been both read and understood and will be complied with. Plaintiff was also

(4:21CV1049)

presented with the opportunity to opt-out of the dispute resolution program. To opt out, Plaintiff was required to, within thirty (30) days of hire, send an email stating a desire to be excluded, as alternative dispute resolution was *not* a condition of employment. Plaintiff signed off on the ADR Agreement on September 25, 2019 and declined to opt-out of the ADR Agreement on September 26, 2019. Plaintiff remained employed by Defendant's until late February 2020.

In April 2021, Plaintiff initiated the instant action in the Mahoning County Court of Common Pleas. In the single-count complaint, Plaintiff alleges five violations of Ohio's anti-discrimination statute (O.R.C. 4112.01, *et seq*.) on the basis of Plaintiff's disability. Defendant removed this action to the Court on May 19, 2021, pursuant to 28 U.S.C. § 1441(b).[1] Defendant seeks to compel arbitration and stay proceedings pending arbitration because (1) both parties agreed to a valid, enforceable agreement to arbitrate any employment-related disputes and (2) "Plaintiff enjoyed the benefit of the [ADR Agreement]" and "should not now be permitted to avoid" arbitration in favor of litigation. ECF No. 4 at PageID #: 35. In response, Plaintiff argues that arbitration cannot be compelled because Plaintiff cannot show (1) "that a contract for arbitration exists as a matter of law;" (2) "that any such contract became effective by its own terms;" (3) "that it met the conditions precedent;" and (4) that "it is not in breach of the terms provided in [the ADR Agreement]. ECF No. 5 at PageID #: 69.

---

[1] In accord with 28 U.S.C. § 1441(b), actions are removable based on diversity jurisdiction (28 U.S.C. § 1332). Diversity jurisdiction is proper here because Plaintiff is a citizen of Ohio, Defendant is a citizen of Tennessee, and the amount in controversy is in excess of $75,000.00, as Plaintiff has alleged five separate violations of O.R.C. 4112.01, *et. seq*., and seeks compensatory damages in the amount of $25,000.00 for each, along with a demand for $25,000.00 in punitive damages,

2

(4:21CV1049)

## II. Discussion

"The Federal Arbitration Act ("FAA") provides that 'a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration' may seek an order compelling arbitration from any district court 'which, save for such agreement, would have jurisdiction under Title 28 ... of the subject matter of a suit arising out of the controversy between the parties.'" *Stachurski v. DirecTV, Inc.*, 642 F. Supp. 2d 758, 764 (N.D. Ohio 2009) (quoting 9 U.S.C. § 4). The Court must analyze the following when considering a motion to stay proceedings and compel arbitration:

> [F]irst, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be [non-arbitrable]; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*McGee v. Armstrong*, 941 F.3d 859, 865 (6th Cir. 2019) (quoting *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000)). The heart of the parties' dispute lies within the first prong.

### A. Whether the Parties Agreed to Arbitrate

"In determining whether the parties formed a valid arbitration agreement, 'state law may be applied if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally, although the FAA preempts state laws applicable to only arbitration provisions.'" *Price v. Taylor*, 575 F. Supp. 2d 845, 851 (N.D. Ohio 2008) (quoting *Great Earth Cos. v. Simons,* 288 F.3d 878, 889 (6th Cir. 2002). Plaintiff's position is not well-taken. Indeed, "[a]n employee who signs [an electronic form] indicating that [they understand their] obligations" then "fails to take the required action to opt out, and never provides any other notice to management that [they intend] to opt out," has demonstrated their agreement to be bound by an arbitration agreement. *Uszak v. AT & T Mobility Servs. LLC*, 658 F. App'x 758, 763

3

(4:21CV1049)

(6th Cir. 2016). That is the situation before the Court. As evidenced by the electronic records, Plaintiff electronically assented to, and declined to opt-out of, the DRA on September 25, 2019. ECF No. 4-4. Plaintiff was afforded the option to opt -out of the ADR Agreement by sending an email within 30 days of the date of hire stating a desire to be excluded from the program. *See* ECF No. 4-3. There is no evidence of, nor does Plaintiff claim to have sent, any such email. In addition, Plaintiff continued to work for Defendant from the date of hire, September 25, 2019, until Plaintiff was separated from employment with Defendant on February 28, 2020. Because Plaintiff assented to, and declined to opt out of, the ADR Agreement, then continued to remain employed by Defendant, the ADR Agreement is valid. *Reulbach*, No. 1:21 CV 1013, 2021 WL 2581565, at *5 (N.D. Ohio June 23, 2021) (finding plaintiff assented to be bound by the arbitration agreement because plaintiff's records "confirm that plaintiff logged onto the Workday system on September 30, 2019, and viewed the message containing the Agreement … clicked the 'I Agree" button at the bottom of the page, acknowledging that he had received the message and the attached Agreement" and "Plaintiff then continued to work for defendants without opting out of the Agreement within 15 days").

### B. Scope of DRA

"In determining whether claims are within the arbitration agreement's scope, the strong federal policy for arbitration demands that 'any ambiguities or doubts as to the parties' intentions ... be resolved in favor of arbitration.'" *Price*, 575 F. Supp. 2d at 851 (quoting *Stout*, 228 F.3d at 714). The Covered Disputes section of the ADR Agreement states:

> Without limitation, Cracker Barrel and I agree that any legal dispute arising out of or related to my employment (including those related to my application for employment, my employment or the termination of my employment) must be resolved using informal conciliation and final and binding arbitration not by a court

4

(4:21CV1049)

> or jury trial. Such legal claims may include, but are not limited to, disputes concerning wage and hour law, compensation, leave, harassment, discrimination, retaliation, breaks or rest periods, uniform maintenance, expense reimbursement, training, discipline, termination, defamation, transfer, demotion, promotion and termination. It also includes, but is not limited to, any claims that come about through Title VII of the Civil Rights Act of 1964, Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Worker Adjustment and Retraining Notification Act, Equal Pay Act, Americans with Disabilities Act, as amended, Family and Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, Genetic Information Non-Discrimination Act, and any federal, state or local laws or regulations covering the same or similar matters or any aspect of the employment relationship, as well as any tort, negligence, or contractual claim.

ECF No. 4-2 at PageID #: 41. In accord with the DRA, discrimination claims stemming from employment and arising under state or federal law must be resolved through informal conciliation and binding arbitration. Plaintiff's employment discrimination claim arises under Ohio state law. This is not disputed by Plaintiff. Accordingly, the Court concludes that Plaintiff's claim falls within the scope of the DRA. *Nealy v. Shelly & Sands, Inc.*, 852 F. App'x 879, 883 (6th Cir. 2021) (concluding that because provision required binding arbitration for claims regarding equal employment under any federal state, or local law, plaintiff's claims under both and federal law were within scope of agreement); *Rupert v. Macy's, Inc.*, No. 1:09CV2763, 2010 WL 2232305, at *5 (N.D. Ohio June 2, 2010) (finding that scope of agreement covered plaintiff's claims under Ohio's anti-discrimination state (O.R.C. 4112.01, *et seq*.) because the agreement required "all employment-related legal disputes, controversies or claims arising out of, or relating to, employment or *cessation of employment,* whether arising under Federal, state or local decisional or statutory law ("Employment–Related Claims"), [to] be settled exclusively by final and binding arbitration").

(4:21CV1049)

### C. Arbitrability of Federal Statutory Claims

The instant matter does not involve any federal statutory claims,[2] and it was removed on May 19, 2021 from the Mahoning County Court of Common Pleas. See ECF No. 1. Accordingly, the Court cannot do further analysis of this prong.

### D. Whether to Stay Proceedings Pending Arbitration

If the Court, as it has done here, concludes that Plaintiff's claims are subject to arbitration, then the Court may dismiss the action or, if requested by a party, stay the action. The FAA "instructs that 'upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration,' the court 'shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.'" *Hilton v. Midland Funding, LLC*, 687 Fed.Appx. 515, 518 (6th Cir. 2017) (quoting 9 U.S.C. § 3). "Given [the Court's] ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose." *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)). Plaintiff's claim against Defendants is subject to binding arbitration. Accordingly, the Court's retention of jurisdiction during the pendency of arbitration would serve no purpose, and dismissal is the appropriate remedy. See *Arnold*, 920 F.2d at 1276; *Milan Exp. Co. v. Applied Underwriters Captive Risk Assur. Co.*, 590

---

[2] Plaintiff filed a single-count complaint asserting Disability Discrimination, in violation of O.R.C. § 4112.01, *et seq.*

(4:21CV1049)

F. App'x 482, 486 (6th Cir. 2014) (recognizing authority of district courts to dismiss actions if all claims stem from disputes arising under an arbitration agreement).

### III. Conclusion

For the reasons above, Defendant's motions are partially granted. The Court grants Defendant's Motion to Compel Arbitration. Accordingly, this matter is submitted for arbitration pursuant to the ADR Agreement. The Court denies Defendant's Motion to Stay this Action pending Completion of Arbitration Proceedings because all claims are arbitrable. This matter will not be stayed. Instead, it is dismissed. A separate Judgment Entry will issue.

    IT IS SO ORDERED.

| | |
|---|---|
| March 18, 2022 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |